UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EVANDRO MARCHESINI LAGOS,

   Petitioner,

v.                                                            Case No: 6:25-cv-673-JSS-UAM

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY,
UNITED STATES IMMIGRATION
AND CUSTOMS ENFORCEMENT,
and ANY AGENTS INVOLVED IN
THE EXECUTION OF SUMMARY
REMOVAL ORDERS WITHOUT
PROPER LEGAL PROCESS,

   Respondents.
_____/

## ORDER

Petitioner, Evandro Marchesini Lagos, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Dkt. 1.) He also moves for a temporary restraining order and to stay "any removal, detention, or immigration enforcement action" against him. (Dkt. 2.) Upon consideration, for the reasons outlined below, Petitioner's motion is denied.

## BACKGROUND

Petitioner is a dual citizen of Italy and Brazil, though he claims that he has been legally residing in the United Kingdom as a permanent resident for the past twenty-two years. (Dkt. 1 at 2.) He further claims that for the past several years he has been

"the target of political and economic persecution," and on January 1, 2025, he entered the United States through the Orlando International Airport. (*Id.*) He maintains that he was "granted [h]umanitarian [p]arole for one year." (*Id.*) Upon entry, the United States Department of Homeland Security (DHS) determined that he was subject to removal under section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(7)(A)(i)(I), because he was not in possession of a valid, unexpired immigrant visa or other valid entry document. (Dkt. 1-1 at 17.) That statute provides that an immigrant to the United States is inadmissible if "at the time of application for admission . . . [he] is not in possession of a valid unexpired immigrant visa . . . or other valid entry document." 8 U.S.C. § 1182(a)(7)(A)(i)(I). DHS set a hearing for May 27, 2025, for Petitioner to show cause why he should not be removed. (*Id.* at 14.)

On April 11, 2025, however, Petitioner states that he received a "summary removal notice via email stating that his parole had been terminated and ordering him to leave the country within 7 days." (Dkt. 1 at 3.) Petitioner argues that his removal violates due process. (*Id.*) He requests the court enjoin his removal, detention, or any immigration enforcement action and permanently stay his removal pending the resolution of all judicial and administrative proceedings related to his immigration status. (*See id. passim*; Dkt. 2.) In support, Petitioner has filed numerous documents that, among other things, relate to his immigration status. (*See* Dkt. 1-1 at 1–101.)

## APPLICABLE STANDARDS

A court's issuance of a temporary restraining order "is an extraordinary and drastic remedy not to be granted unless the movant clearly establishe[s] the 'burden of

persuasion' as to each of the four prerequisites." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (quoting *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998)). A party seeking a temporary restraining order or preliminary injunction must demonstrate: (1) a substantial likelihood of success on the merits, (2) irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant, and (4) that the entry of relief would serve the public interest. *See Chavez v. Fla. SP Warden*, 742 F.3d 1267, 1271 (11th Cir. 2014) (citing *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001)).

Further, Petitioner must comply with Rule 6.01 of the Local Rules of the United States District Court for the Middle District of Florida and Federal Rule of Civil Procedure 65 in drafting a motion for temporary restraining order. These rules govern the court's decision as to whether an injunction shall issue.

## ANALYSIS

Petitioner has not provided an affidavit or other evidence demonstrating an entitlement to relief or a proposed order. (*See* Dkt. 2.) *See* M.D. Fla. R. 6.01(a)(2), (a)(6). Thus, he has not complied with Local Rule 6.01 in drafting the motion for temporary restraining order and to stay. Consequently, his motion will be denied.

From the court's review of the petition, it appears that Petitioner may not satisfy the "in custody" requirement of 28 U.S.C. § 2241. *See Patel v. Att'y Gen.,* 334 F.3d 1259, 1263 (11th Cir. 2003) (holding that habeas jurisdiction requires that the petitioner be in "custody" and that "custody" is determined as of the time of the filing of the petition). Moreover, it is unclear whether the court has subject matter

jurisdiction over this action. *See* 8 U.S.C. § 1252(a)(2)(B)(ii) ("[N]o court shall have jurisdiction to review. . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title [(regarding applications for asylum)]."). Consequently, Respondents will be required to file a response to the petition addressing these and any other pertinent issues.

## CONCLUSION

Accordingly:

1. Petitioner's Motion for Temporary Restraining Order and to Stay Removal (Dkt. 2) is **DENIED**.

2. On or before May 23, 2025, Respondents shall file a response to the petition. Respondents shall address, among other things, whether Petitioner is "in custody" and whether the court has subject matter jurisdiction over this action.

3. The Clerk is **DIRECTED** to send Respondents a copy of the petition and supporting documents (Dkts. 1, 1-1, 1-2) along with this order.

4. From now on, Petitioner shall mail one copy of every pleading, exhibit, and/or correspondence, along with a certificate of service indicating the date an accurate copy was mailed, to Respondents listed in the bottom of this order.

5. Petitioner shall advise the court of any change of address. The failure to do so will result in the case being dismissed for failure to prosecute.

**ORDERED** in Orlando, Florida, on April 24, 2025.

*[Signature]*
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Party

U.S. Attorney's Office
400 W. Washington Street
Suite 3100
Orlando, FL 32801

Office of the General Counsel
U.S. Department of Homeland Security
245 Murray Lane, SW
Mail Stop 0485
Washington, DC 20528-0485