UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EVANDRO MARCHESINI LAGOS,

    Petitioner,

v.                                     Case No: 6:25-cv-673-JSS-UAM

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY,
UNITED STATES IMMIGRATION
AND CUSTOMS ENFORCEMENT,
and ANY AGENTS INVOLVED IN
THE EXECUTION OF SUMMARY
REMOVAL ORDERS WITHOUT
PROPER LEGAL PROCESS,

    Respondents.
_____/

## ORDER

Petitioner, Evandro Marchesini Lagos, proceeding pro se,[1] moves for "an order staying any removal or deportation proceedings" pending the "adjudication of [his] pending immigration case" and the "[r]esolution of all motions and petitions before this [c]ourt," (Dkt. 10 at 2), and for a temporary restraining order to prevent his removal from the United States, (Dkt. 11). Petitioner further requests that the court "issue a notification or recommendation to [the United States Citizenship and Immigration Services] regarding the unreasonable delay in [the] adjudication of

---

[1] The court recommends that all pro se litigants read the court's Guide for Proceeding Without a Lawyer, available as a PDF file from https://www.flmd.uscourts.gov/litigants-without-lawyers, and that they avail themselves of the other resources found through this website.

Petitioner's Form I-765 (Application for Employment Authorization)." (Dkt. 9 at 2.) Petitioner has also filed a notice regarding "[d]elayed [p]ostal [d]elivery," advising the court that Petitioner "depend[s] solely on the physical mail system for all communication with the [c]ourt" and "request[ing] that the [c]ourt . . . consider all [his] responses and supplemental filings as timely and made in good faith." (Dkt. 12 (emphasis omitted).) Upon consideration, Petitioner's motions are denied.

While pro se filings are held to a less stringent standard than those drafted by an attorney, *see Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986), pro se litigants are still required to "conform to procedural rules," *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002). Such rules include the Federal Rules of Civil Procedure and this court's Local Rules. *See Javens v. Fresenius Med. Care Int'l*, No. 3:22-cv-666-MMH-MCR, 2022 WL 22902401, at *1 n.1 (M.D. Fla. July 1, 2022). Accordingly, to the extent that Petitioner requests in his notice regarding delayed postal delivery that the court preemptively consider his "responses and supplemental filings as timely," the court denies the request, as Petitioner must comply with the relevant procedural rules. (Dkt. 12.) Further, to the extent that Petitioner's notice seeks relief related to a previous filing in this case, that request is denied because the notice does not identify the filing.

Turning to the balance of his motions, the court notes that Petitioner previously moved for a temporary restraining order and to stay his removal, (*see* Dkt. 2), and the motion was denied for failure to comply with the applicable rules, (*see* Dkt. 5). Specifically, Petitioner failed to "provide[] an affidavit or other evidence

demonstrating an entitlement to relief or a proposed order." (*Id.* at 3.) Petitioner's renewed motions for a temporary restraining order and to stay his removal suffer from the same defects. (*See* Dkts. 10, 11.) The same is true of Petitioner's motion regarding his employment authorization, which the court construes as an additional request for injunctive relief. (*See* Dkt. 9.) Moreover, none of these motions makes any reference to the security requirement. (*See* Dkts. 9, 10, 11.) *See* M.D. Fla. R. 6.01(a)(4). Accordingly, these motions are due to be denied.

If Petitioner seeks to refile any of these motions, he must comply with the procedural requirements of motions for injunctive relief. Federal Rule of Civil Procedure 65 and Local Rules 6.01 and 6.02 govern temporary restraining orders and preliminary injunctions. Rule 65(b)(1) provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damages will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Local Rule 6.01(a) requires that the motion include, among other things, "a precise description of the conduct and the persons subject to restraint," "a precise and verified explanation of the amount and form of the required security,"

and "a supporting legal memorandum." M.D. Fla. R. 6.01(a)(3)–(5). Local Rule 6.01(b) sets out the requirements for the legal memorandum, which must establish:

> (1) the likelihood that the movant ultimately will prevail on the merits of the claim,
>
> (2) the irreparable nature of the threatened injury and the reason that notice is impractical,
>
> (3) the harm that might result absent a restraining order, and
>
> (4) the nature and extent of any public interest affected.

M.D. Fla. R. 6.01(b). Rule 65(a)(1) provides that "[t]he court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Local Rule 6.02(b) requires a party moving for a preliminary injunction to "notify each affected party as soon as practical unless the movant establishes by clear and convincing evidence an extraordinary circumstance not requiring notice." M.D. Fla. R. 6.02(b). Local Rule 6.02(a) imposes the additional requirements that the moving party "comply with Local Rule 6.01(a) and (b)" and "include as an attachment [to the motion] each paper on which the movant relies." M.D. Fla. R. 6.02(a).

Accordingly:

1. Petitioner's motions (Dkts. 9, 10, 11, 12) are **DENIED**.

2. Because this order resolves a motion for a temporary restraining order, Petitioner shall comply with Local Rule 6.01(c), which requires "the movant, even if unsuccessful, [to] serve on the party the movant sought to restrain" a number of documents, including the summons, the complaint, and "each

- 5 -

motion . . . or other paper submitted to support the motion." M.D. Fla. R. 6.01(c). Petitioner may renew his requests for injunctive relief once he indicates that he has complied with this rule.

**ORDERED** in Orlando, Florida, on May 15, 2025.

　　　　　　　　　　　　　　　　　　／s／ Julie S. Sneed
　　　　　　　　　　　　　　　　　　JULIE S. SNEED
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party

U.S. Attorney's Office
400 W. Washington Street
Suite 3100
Orlando, FL 32801

Office of the General Counsel
U.S. Department of Homeland Security
245 Murray Lane, SW
Mail Stop 0485
Washington, DC 20528-0485