UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**EVANDRO MARCHESINI LAGOS,**

    **Plaintiff,**

v.                                                Case No. 6:25-cv-673-JSS-NWH

**UNITED STATES DEPARTMENT
OF HOMELAND SECURITY,
UNITED STATES IMMIGRATION
AND CUSTOMS ENFORCEMENT,
and ANY AGENTS INVOLVED THE
EXECUTION OF SUMMARY
REMOVAL ORDERS WITHOUT
PROPER LEGAL PROCESS,**

    **Defendants.**

**ORDER**

This cause comes before the Court on Plaintiff Evandro Marchesini Lagos's Motion to Formalize Delivery Records and Clarify Clerk Procedure Regarding Service to Defendants. (Doc. 30). The instant Motion seeks acknowledgement of certain packages mailed by Plaintiff and direction from the Court to "ensure the materials reach" Defendants. (*Id.* at 3). The materials at issue include three exhibits: a certificate of attempted conferral, a "critical analysis" of the conduct of counsel for Defendants, and a "dossier of structural and procedural violations encountered" by Plaintiff. (Doc. 30-2 at 1).

While the Court appreciates Plaintiff's efforts to demonstrate good faith compliance, it is not the Court's prerogative to manage the delivery of documents between parties. And even if Plaintiff has encountered administrative or logistical hurdles in delivering certain materials to Defendants, Defendants have not raised this issue with the Court or contested service of a necessary document. Neither of Defendants' filings in this action—their response to Plaintiff's petition for writ of habeas corpus, (doc. 25), and their response to Plaintiff's motion to proceed *in forma pauperis*, (doc. 39)—dispute the service of documents. Therefore, whether Defendants have received Plaintiff's packages is not at issue and not ripe for adjudication. *See Digital Properties, Inc. v. City of Plantation*, 121 F.3d 586 (11th Cir. 1997) (describing the ripeness doctrine); *Elend v. Basham*, 471 F.3d 1199 (11th Cir. 2006) (discussing distinctions between ripeness and Article III standing).

The case cited by Plaintiff, *Gonzalez v. Crosby*, 545 U.S. 524 (2005), concerns the interplay of Federal Rule of Civil Procedure 60(b), which governs motions for relief from judgment, and certain procedural restrictions within the Antiterrorism and Effective Death Penalty Act of 1996—not the delivery of documents between parties. The instant Motion essentially seeks an advisory opinion by this Court regarding the proper service of documents, and federal courts simply cannot issue advisory opinions. *United States v. Williams*, No. 18-80053-CR, 2023 WL 158190, at *1 (S.D. Fla. Jan. 10, 2023) (courts "do not sit to render advisory opinions").

Accordingly, it is hereby **ORDERED** that Plaintiff Evandro Marchesini Lagos's Motion to Formalize Delivery Records and Clarify Clerk Procedure Regarding Service to Defendants is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on July 28, 2025.

_____
NATHAN W. HILL
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

Unrepresented Party